IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LT. JAMES DeANGELO,<br>*Plaintiff,* | :<br>:<br>: |
| v. | : CIVIL NO. 23-3427 |
| | : |
| CITY OF PHILADELPHIA, *et al.*,<br>*Defendants.* | :<br>: |

## ORDER

**AND NOW,** this **19th** day of **December 2024,** upon consideration of Defendant Captain Maria Ortiz-Rodriguez's Motion for Summary Judgment (ECF No. 26) and Defendant the City of Philadelphia's Motion for Summary Judgment (ECF No. 28), along with the corresponding briefing, it is **hereby ORDERED** that the Motions (ECF Nos. 26, 28) are **GRANTED IN PART AND DENIED IN PART** as follows:

1. The City's Motion is **GRANTED** as to **COUNT II**, Plaintiff's Americans with Disabilities Act ("ADA") "Retaliation – Associational Disability" claim, and accordingly, Count II is **DISMISSED WITH PREJUDICE;**[1]

---

[1] To make out a prima facie case of disability retaliation under the ADA and the PHRA, "a plaintiff must show (1) protected employee activity, (2) adverse action by the employer either after or contemporaneous with the employee's protected activity, and (3) a causal relationship between the protected activity and the adverse action." *Brown v. Vanguard Grp., Inc.*, No. 16-cv-946, 2017 WL 412802, at *16 (E.D. Pa. Jan. 30, 2017) (citation omitted); *see also Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 142 (3d Cir. 2011) ("The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds."). As to the last element, "[a] causal connection may be established by showing an unusually suggestive temporal proximity between the protected conduct and the adverse action or a pattern of antagonism coupled with timing." *Brown*, 2017 WL 412802, at *18. Here, assuming, *arguendo*, that Plaintiff has produced enough evidence to survive summary judgment on the first two elements, Plaintiff has failed to satisfy his burden as to the last element—i.e., that there is any causal link between the alleged protected activity and his reassignment. The record is clear that Captain Ortiz-Rodriguez made the decision to reassign Plaintiff before Officer Archie submitted her hardship request as evidenced by Captain Ortiz-Rodriguez's memorandum notifying Plaintiff of his reassignment being drafted and dated the day before Officer Archie submitted her hardship request. Any narrative that the memorandum was "backdated" is not supported by the evidence. Accordingly, Plaintiff's disability retaliation claims under the ADA and the PHRA fail and are dismissed.

1

2. The Motions are **GRANTED** as to Plaintiff's Pennsylvania Human Relations Act ("PHRA") retaliation claim in **COUNT III** and accordingly, Plaintiff's PHRA retaliation claim contained in Count III is **DISMISSED WITH PREJUDICE**;[2]

3. The City's Motion is **GRANTED** as to **COUNT IV**, Plaintiff's Family Medical Leave Act ("FMLA") retaliation claim, and accordingly, Count IV is **DISMISSED WITH PREJUDICE**;[3]

4. Captain Ortiz-Rodriguez's Motion is **GRANTED** as to **COUNT V**, Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim, and accordingly, Count V is **DISMISSED WITH PREJUDICE**;[4] and

---

[2] For the reasons stated in Footnote 1, the Motions for Summary Judgment are granted as to Plaintiff's PHRA retaliation claim and accordingly, that claim will be dismissed. The Motions for Summary Judgment are denied as to all other PHRA claims contained in Count III.

[3] "To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012) (citation omitted). As to the causation prong, the employee may either rely on "(1) [an] unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing." *Clark v. Phila. Hous. Auth.*, 701 Fed. App'x 113, 116 (3d Cir. 2017) (internal quotations and citations omitted). Here, Plaintiff cannot demonstrate a causal connection between his exercise of his FMLA rights and his reassignment. Plaintiff first requested FMLA leave months before Captain Ortiz-Rodriguez even became captain of the 26th District and before Plaintiff was given notice of his reassignment, and as such Plaintiff has failed to demonstrate "an unusually suggestive temporal proximity." Nor can Plaintiff demonstrate a pattern of antagonism. Plaintiff testified in his deposition that he took FMLA for all the days he applied and there is no evidence of any comments or actions from which one could infer Captain Ortiz-Rodriguez was unhappy with Plaintiff's exercise of his FMLA rights. Looking at the proffered evidence as a whole, there is no evidence to support the conclusion that Plaintiff's reassignment was causally related to his invocation of his FMLA rights. Accordingly, this claim is dismissed.

[4] To recover on a claim for IIED under Pennsylvania law, a plaintiff must show that the defendant's conduct was: "(1) extreme and outrageous; (2) intentional or reckless; and (3) caused severe emotional distress." *Hargraves v. City of Philadelphia*, No. 05-CV-4759, 2007 WL 1276937, at *3 (E.D. Pa. Apr. 26, 2007) (citation omitted). The Third Circuit has explained that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) (citation omitted). "To give rise to liability, [Captain Ortiz-Rodriguez]'s conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Mehdizadeh v. Starbucks Corp.*, No. CV 24-3339, 2024 WL 4803735, at *3 (E.D. Pa. Nov. 15, 2024) (internal quotations and citations omitted). "To that end, conduct that conceivably could be characterized as bullying, abusive, improper, and highly offensive is frequently dismissed as not sufficiently extreme or outrageous to allow for recovery on an IIED claim." *Id.* at *4 (internal quotations omitted) (collecting cases). Here, viewing the facts in the light most favorable to Plaintiff, the conduct is not "extreme or outrageous" and accordingly, Plaintiff's IIED claim is dismissed.

5. The Motions are **DENIED** in all other respects.

BY THE COURT:

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**
